[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff Chicago Title Insurance Company has applied for a prejudgment remedy of attachment of real estate and garnishment of funds of defendants Zrenda Hinkle, P.C., a law firm organized as a professional corporation, Jerome P. Zrenda, Joseph M. Zrenda and Denise Bevza, attorneys who are the directors, officers, employees and shareholders in said professional corporation, Laurie P. Zrenda and Andrea Zrenda, spouses of the defendants Zrenda, and the defendant David R. Hinkle, an attorney whose name is included in the title of the defendant corporation.
Prejudgment remedies were previously granted by stipulation as to all of the defendants, save Hinkle, and testimony and evidence were taken on the plaintiff's application for a prejudgment remedy as to him.
The plaintiff's complaint and supporting affidavit allege that it appointed the defendant law firm as its agent to issue title insurance policies on its behalf in the State of Connecticut, pursuant to an agency agreement annexed as Exhibit A, which was signed by Jerome P. Zrenda on behalf of Zrenda Hinkle (sic). The plaintiff further alleges that pursuant to its agency agreement and that by the wrongful issuing of title insurance policies and dishonored checks, the CT Page 2598 defendants Zrendas, Bevza and Hinkle, acting in concert with or as the principal or agent of each other, inter alia, breached the agency agreement, breached their fiduciary relationship with the plaintiff, committed gross negligence, misrepresentation, conversion, forgery and unfair and deceptive trade practices.
The trial court's function in considering an application for a prejudgment remedy ". . .requires that the court determine whether or not there is probable cause to sustain the validity of the plaintiff's claim;" General Statutes Section 52-278d(a); that is to say, "probable cause that judgment will be rendered in the matter in favor of the plaintiff," General Statutes Section 52-278c(a)(2). New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 619-620
(1990).
"The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it (citation omitted). Probable cause is a flexible common sense standard, (and) the court's role in such a hearing is to determine probable success by weighing probabilities." New England Land Co., Ltd. v. DeMarkey, supra, 620. This is done ". . .by weighing the plaintiff's affidavit and the oral testimony and documentary proof submitted by both parties." Solomon v. Aberman, 196 Conn. 359, 363 (1985).
At the hearing, the parties stipulated that the plaintiff Hinkle had never practiced law with the firm (excepting in a single closing he attended as a substitute for another firm member and for which he received no fee); however, his name was included in the firm name from its inception, and he was listed as a member of the firm in the Martindale-Hubbell directory. There was no evidence that Hinkle ever issued or participated in the claimed wrongful issuance of the title insurance policies or the negotiation of the dishonored checks; or that the defendant Hinkle was an employee, shareholder, agent, or officer of the defendant law firm; nor was there any evidence that the plaintiff relied upon Hinkle's participation in the firm, or the inclusion of his name in the firm title, or that the plaintiff had any dealings whatsoever with Hinkle before, or during the wrongful transactions alleged, or in the formation of the agency agreement. Notably, the agency agreement, Exhibit A, does not even indicate that the designated agent is the defendant, Zrenda Hinkle, P.C., nor in what, if any, representative capacity the defendant Jerome P. Zrenda signed it. The plaintiff, at the time of entering into the agency agreement, CT Page 2599 did not require the law firm to furnish it with a roster of individuals authorized to issue its policies or biographical resumes of such individuals.
The defendant Hinkle also took no part in the day-to-day operation or administration of the law firm, nor did he receive a salary, a share of the profits, or any benefits or other compensation during the time his name was included in the law firm title, nor was there any evidence adduced that he and the law firm had established a principal agency relationship.
The plaintiff's claim that Hinkle acted in concert with or as the agent or principal of the other defendants expressed in its affidavit and complaint changed course and now appears to rest wholly upon the inclusion of his name in the law firm title and its stationery, on the law firm sign and in the Martindale-Hubbell listing. The plaintiff now argues that Hinkle therefore held himself out as a member of said law firm and by such holding out assumed responsibility for the acts of the other defendants. In support of its position, the plaintiff heavily relies on First Bank Trust Company v. Zagoria, 302 S.E.2d 674 (1983), in which the Georgia Supreme Court held that an attorney-shareholder of a professional corporation who was not personally involved in the transactions, is personally liable for dishonored checks written by another attorney-shareholder in the corporation in connection with real estate and loan closings. That reliance, however, is misplaced, because First Bank Trust Company v. Zagoria, supra, is distinguished from the instant case by two critical facts. First, the attorney shareholder upon whom liability was imposed for the misconduct of the other attorney took an active part in the operation and management of the law firm; and second, he was one of the two shareholders of the professional corporation. Hinkle was neither a shareholder in the professional corporation nor involved in the affairs of the law firm. Therefore, the case is not applicable to the proposition advanced by the plaintiff.
The plaintiff also argues that the Rules of Professional Conduct (formerly called the Code of Professional Responsibility, until the Code was amended in 1986), support the proposition that Hinkle, by allowing the use of his name in the law firm name, assumed a professional obligation to persons who dealt with the firm, to be responsible for the conduct of all other members of the firm, regardless of whether or not such persons relied on Hinkle's association and membership in the firm, or were in fact, clients of the firm.
On the facts and evidence, the Court finds that the CT Page 2600 plaintiff was not a client of the defendant law firm in connection with the wrongful transactions alleged in the complaint and affidavit supporting the prejudgment remedy. Therefore, the plaintiff has the status of a third party, and our Supreme Court has ruled that the Code of Professional Responsibility does not of itself give rise to a third party cause of action against an attorney. See Mozzochi v. Beck, 204 Conn. 490, 501, n. 7 (1987). The court there pointed out in footnote 8, that the Code was amended in 1986 to include a preamble that clarified this issue. The preamble states, in pertinent part: "Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. . ." Practice Book, Rules of Professional Conduct, Preamble (1986). It should be noted that the preamble was in effect when the alleged wrongful transactions occurred (1989-1990).
Although the Court recognizes that the Rules of Professional Responsibility have the force of law and are binding on attorneys in this state, it is also clear that the Rules are for disciplinary purposes only, and were not intended to create a private cause of action, and therefore, the plaintiff's claim must fail on this ground.
Even if the plaintiff were elevated to the status of a client of the defendant law firm by virtue of the agency agreement, the result would be the same as the trial court ruled in Mozzochi v. Beck, supra, 499.
As the defendant law firm was duly organized as a professional corporation, both parties fully briefed the issue of whether the defendant Hinkle could be held liable under General Statutes Section 33-182e, which provides, in pertinent part:
 ". . .provided any officer, agent or employee . . shall be personally liable and accountable only for negligent or wrongful acts committed by him, or by any person under his direct supervision and control, while rendering professional services on behalf of the corporation to the person for whom professional services were being rendered; and provided the personal liability of shareholders of a corporation organized under this chapter, in their CT Page 2601 capacity as shareholders of such corporation shall be no greater in any aspect than that of a shareholder-employee of a corporation organized under Chapter 599 . . ."
As the evidence adduced at the hearing and in the plaintiff's affidavit and documentary proof failed to show that Hinkle was an officer, agent, employee or a member of the
1. This statutory provision is substantially similar to Rule 5.1(c) of the Rules of Professional Conduct. It is interesting to note the comment to this Rule which states in pertinent part, "Apart from this Rule (5.1) and Rule 8.4(a), a lawyer does not have disciplinary liability for the conduct of a partner, associate or subordinate. Whether a lawyer may be liable civilly or criminally for another lawyer's conduct is a question of law beyond the scope of these Rules." professional corporation within the meaning of Section33-182a(3), or that he committed any negligent or wrongful acts or misconduct or directly supervised and controlled anyone that did, while rendering services on behalf of the corporation, the statute affords no basis upon which to impose liability on Hinkle for the acts of the other defendants.
Accordingly, for the foregoing reasons, the Court is unable to find probable cause that judgment will be rendered in favor of the plaintiff on any of the causes of action contained in the complaint, and therefore, the plaintiff's application for a prejudgment remedy as to the defendant Hinkle is denied.
Both counsel are to be commended for the excellence and clarity of their briefs.
TELLER, J.